UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH T. JARZEMBEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-1796 |
| | ) |
| COUNTY OF ERIE, MARNI BOGART, | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**
**(Doc. 9)**

Plaintiff Joseph T. Jarzembek, who represents himself, sued Defendants County of Erie, Marni Bogart, and John Doe in November 2020. (Doc. 1.) Plaintiff worked as an attorney for the County of Erie for twenty-five years, and his claims arise from the County's alleged constructive termination of his employment in March 2019. (Doc. 8 ¶¶ 14, 33.) Plaintiff's original complaint included state-law claims for negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED"), and a constitutional claim under 42 U.S.C. § 1983 for "stigma-plus" deprivation of procedural due process. (*See* Doc. 1.)

Defendants filed a motion to dismiss the original complaint in December 2020. (Doc. 2.) In an order dated May 27, 2021, the court granted Defendants' motion to dismiss the NIED claim with prejudice because New York's worker's compensation law provides the exclusive remedy for such claims against employers and co-employees. (Doc. 7 at 11–12.) Although the court concluded that the original complaint failed to state claims for either IIED or a deprivation of procedural due process, the court granted Plaintiff leave to amend his complaint in light of his pro se status. (*Id.*)

Plaintiff filed an Amended Complaint in June 2021. (Doc. 8.) Defendants have filed a motion to dismiss the Amended Complaint. (Doc. 9.) Plaintiff filed a brief in opposition in September 2021 (Doc. 13), to which Defendants filed a reply. (Doc. 15-1.)

## Analysis

The Amended Complaint largely repeats the original complaint's factual allegations, which the court reviewed extensively in its May 2021 order. (*See* Doc. 7.) The court discusses the new, relevant factual allegations below as necessary to evaluate Defendants' motion to dismiss.

### I. Standard of Review

To survive Defendants' motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In ruling on Defendants' motion to dismiss, the court draws all reasonable inferences from the complaint in Plaintiff's favor. *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016). The court will grant the motion to dismiss if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Parkcentral Glob. Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208–09 (2d Cir. 2014) (per curiam).

Courts in the Second Circuit may take judicial notice of a notice of claim where a complaint directly references the plaintiff's notice of claim. *See, e.g.*, *Cooper v. City of New*

*York*, No. 17-CV-1517(NGG)(RLM), 2018 WL 4762248, at *4 (E.D.N.Y. Sept. 29, 2018) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)); *Alvarez v. Cnty. of Orange, N.Y.*, 95 F. Supp. 3d 385, 395 (S.D.N.Y. 2015) (collecting cases). The Amended Complaint refers to Plaintiff's Notice of Claim (Doc. 8 ¶ 8), and Defendants have provided the Notice to the court and to Plaintiff on multiple occasions (*see* Docs. 6-1; 9-6). Consequently, the court takes judicial notice of Plaintiff's Notice of Claim.

## II.     Negligent Infliction of Emotional Distress Claim

The court dismissed Plaintiffs' NIED claim with prejudice in its May 2021 order. (Doc. 7 at 11–12.) As the court observed at that time, N.Y. Workers' Comp. Law § 29(6) provides the exclusive remedy for a plaintiff's negligence claim against an employer or co-employee, and thus bars Plaintiff's claim for common-law NIED.

## III.    Section 1983 Claim

The Amended Complaint alleges that Plaintiff was constructively terminated from his job, and that the circumstances of Plaintiff's termination violated his constitutional right to procedural due process. The Amended Complaint characterizes the procedural-due-process violation as a "stigma-plus" deprivation of liberty. A "stigma-plus" claim arises where, in connection with an employee's termination, a public employer "denigrate[s] the employee's competence as a professional and impugn[s] the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 630 (2d Cir. 1996); *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010).

To establish a stigma-plus deprivation of liberty, a plaintiff must demonstrate (1) "that the government made stigmatizing statements . . . that call into question [the] plaintiff's good

name, reputation, honor, or integrity"; (2) that the statements were "made public"; and (3) that the statements were made "concurrently in time to [the] plaintiff's dismissal." *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004) (cleaned up). As a species of procedural due process, establishing a stigma-plus deprivation is insufficient to state a claim; a plaintiff must also demonstrate that the attendant procedures were "constitutionally insufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

The court previously concluded that the factual allegations in Plaintiff's original complaint were insufficient to establish the "publication" prong. As the court explained in its May 2021 order, an allegedly "defamatory statement must be sufficiently public to create or threaten a stigma" to give rise to a stigma-plus deprivation. *Velez v. Levy*, 401 F.3d 75, 91–93 (2d Cir. 2005). Likewise, the original complaint failed to identify any procedural deficiencies in the process attendant on the alleged due process violation.

For the following reasons, the court concludes that the Amended Complaint remains deficient with respect to its allegations of a procedural due process violation. Because the court concludes that the Amended Complaint is deficient on this requisite element of a stigma-plus claim, the court does not address whether the Amended Complaint remains deficient on the "publication" requirement of a stigma-plus claim.

The Amended Complaint contains two new details about the process that was available to Plaintiff in relation to the alleged deprivation of his liberty interest. First, the Amended Complaint includes additional details regarding a May 2020 "50-h" hearing, alleging that "[t]he 50-h hearing is required for a municipality to determine what cause of action may be contemplated by the plaintiff. It is not a formal hearing on the merits of the defamatory March 2019 document." (Doc. 8 ¶ 10.) Second, the Amended Complaint alleges that Mary Ellen

Brockmyre was scheduled to preside over a disciplinary hearing on May 1, 2019 (Doc. 8 ¶ 31), and that "[u]pon information and belief Brockmyre was not a neutral judicial officer but instead a compensated employee of defendants. Upon information and belief any disciplinary hearing before her would not provide plaintiff with adequate protections of procedural due process." (*Id.* ¶ 32). However, the Amended Complaint also makes clear that no hearing ever took place before Mary Ellen Brockmyre. Instead, Plaintiff admits that he "resigned before the disciplinary hearing scheduled in early May 2019." (*Id.* ¶ 33.)

Because he voluntarily passed up the opportunity for a disciplinary hearing, Plaintiff has no foundation to challenge procedural deficiencies attendant in the alleged constructive termination of his employment. "[A] a stigma-plus claim enforces a limited but important right: the right to be heard at a meaningful time and in a meaningful manner. . . . [T]he availability of an adequate, reasonably prompt [] name-clearing hearing is sufficient to defeat a stigma-plus claim." *Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006). In support of his stigma-plus claim, Plaintiff argues that the pre-termination hearing that was offered was not "adequate" because Ms. Brockmyre was an employee of the defendants and was not "a neutral judicial officer." (Doc. 8 ¶ 32.) However, a pre-termination hearing need not be conducted by a neutral adjudicator to defeat a stigma-plus claim. *See Gonzalez v. Dist. Council 37, AFSCME, AFL-CIO, SSEU Loc. 371*, 843 F. App'x 361, 363 (2d Cir. 2021) (summary order). Moreover, Plaintiff could have requested a "full adversarial hearing" post-termination if he were unsatisfied by the pre-termination hearing. But by resigning before the scheduled May 2019 hearing, Plaintiff evaded the proceeding through which his right to procedural due process would have been satisfied. *See Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001) ("[P]rocedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to

5

termination, so long as a full adversarial hearing is provided afterwards.") (citations omitted); *Capul v. City of New York*, No. 19 Civ. 4313 (KPF), 2020 WL 2748274, at *14 (S.D.N.Y. May 27, 2020) (quoting *Dodson v. Bd. of Educ. of the Valley Stream Union Free Sch. Dist.*, 44 F. Supp. 3d 240, 248 (E.D.N.Y. 2014)) ("[I]t is well-settled that where a New York state employee resigns and later contends that his resignation was not voluntary, the lack of a hearing prior to the resignation does not deprive the employee of procedural due process because New York has provided an opportunity for a post-deprivation hearing in the form of an Article 78 proceeding.").

The cases Plaintiff cites as authority for his right to a pre-termination adversarial hearing before a neutral arbiter do not support this conclusion. (*See* Doc. 8 ¶ 32.) (Citing *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (holding that where "random and unauthorized" acts by a government actor render it impossible to provide a pre-deprivation hearing, "due process requires only a post-deprivation proceeding.") and *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (finding that although procedural due process requires a pre-termination hearing, "the pre-termination hearing need not take the form of a judicial or quasi-judicial trial."). Plaintiff's decision to forgo a disciplinary hearing when offered the opportunity to clear his name necessitates the dismissal of Plaintiffs' stigma-plus claim.

IV. **Intentional Infliction of Emotional Distress Claim**

A common-law claim for IIED in the state of New York requires "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). To satisfy the first element, a plaintiff must allege conduct that "go[es] beyond all possible bounds

of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983). The court previously dismissed Plaintiff's IIED claim against the individual Defendants because the original complaint lacked nonconclusory allegations of sufficiently extreme and outrageous conduct.[1] (*See* Doc. 7 at 11-12.) Based on allegations presented for the first time in Plaintiff's opposition brief, the court granted Plaintiff leave to amend his IIED claim.

In his Notice of Claim, Plaintiff identified the basis of his IIED claim as "the allegations" contained within "papers served against me on or about March 31, 2019," which "were untruthful, slanderous, and libelous." (Doc. 9-6 at 3.) The Notice claims that "the impact of most of these allegations [in the March 2019 papers] caused [Plaintiff] emotional distress." (*Id.*) Under New York law, a plaintiff must identify all theories of liability on which he may seek to bring suit within his Notice of Claim. N.Y. Gen. Mun. L § 50; *Castillo v. Kings Cnty. Hosp. Ctr.*, 149 A.D.3d 896, 897, 52 N.Y.S.3d 451, 453 (N.Y. App. Div. 2017). The Notice must contain sufficient facts to enable a county defendant to investigate the claim. *Wekenmann v. Erie Cnty. Sheriff's Off.*, No. 1:19-CV-1572, 2021 WL 22540, at *6 (W.D.N.Y. Jan. 4, 2021). Failing to identify a theory of liability within a Notice of Claim is grounds for dismissal of a claim based on that theory when it is brought for the first time in a complaint. *Id.*

The Amended Complaint contains one new detail related to the March 2019 papers. Specifically, the Amended Complaint alleges that "many of the allegations related to plaintiff's job performance occurred while he was on FMLA (Family Medical Leave Act) leave for nearly one month for kidney stones in August 2018." (Doc. 8 ¶ 24.) However, criticism of an

---

[1] In its May order, the court dismissed the IIED claim against the County with prejudice because New York law does not recognize IIED claims against government entities. *Rapuzzi v. City of New York*, 186 A.D.3d 1548, 1550, 131 N.Y.S.3d 76, 79 (N.Y. App. Div. 2020).

7

employee's job performance "fall[s] far short of the 'extreme' and 'outrageous' conduct that is actionable as an intentional infliction of emotional distress," *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1158 (2d Cir. 1993), and the Amended Complaint lacks additional detail on how the service of the March 2019 papers constituted "extreme and outrageous" conduct. Because Plaintiff's Notice of Claim identifies this conduct as the basis for his IIED claim, and because the Amended Complaint lacks plausible allegations of sufficiently extreme and outrageous conduct, the court will dismiss Plaintiff's IIED claim against the individual Defendants.

### V.     Plaintiff's Request for Leave to Amend the Complaint

Within his memorandum in opposition, Plaintiff has requested leave to amend the amended complaint should the court grant Defendants' second motion to dismiss. (Doc. 13 at 4, 8, 11.) Fed. R. Civ. P. 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." The Second Circuit has held that a court should not dismiss a pro se plaintiff's complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). However, a court need not grant leave to amend where better pleading will not cure the complaint's deficiencies. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). When a practicing attorney represents himself, "a litigant's experience and knowledge may [] justify complete withdrawal of solicitude." *Tracy v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010).

This court gave Plaintiff the opportunity to amend the first complaint to adequately articulate and incorporate plausible claims for relief under § 1983 and under state law IIED. Better pleading could not cure Plaintiff's § 1983 stigma-plus claim because Plaintiff's decision to voluntarily forgo the available name-clearing hearing obviates his claim for relief. Nor could

better pleading cure Plaintiff's state law IIED claim which once again fails to meet the extreme and outrageous conduct standard. Because the court has already granted leave to amend the complaint and because a liberal reading of the amended complaint does not indicate Plaintiff could state a valid claim on these facts in the future, the court will deny Plaintiff's request for leave to amend the amended complaint.

## VI.   Conversion to Motion for Summary Judgment

Defendants' second motion to dismiss seeks dismissal under Rule 12(b)(6) or—alternatively—conversion under Rule 12(d) into a motion for summary judgment. (Doc. 9-1 ¶ 9; Doc. 9-9 at 7–8.) The court finds it unnecessary to reach the question of conversion to a motion for summary judgment. The analysis above relies on facts articulated in the pleadings and matters that are appropriate for judicial notice. The court has not considered any extra-pleading evidence in reaching its decision and thus it is unnecessary to convert the motion to dismiss into a motion for summary judgment.

## Conclusion

Defendants' motion to dismiss (Doc. 9) is GRANTED.

Dated this 7th day of October, 2021.

Geoffrey W. Crawford, Judge
United States District Court